IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA MCGATH, et al.,

    Plaintiffs

v.

HAMILTON LOCAL SCHOOL
DISTRICT, ET AL,

    Defendants.

Case No. 2:10-cv-1156

Judge Graham

Magistrate Judge Deavers

## ORDER

This matter is before the court on defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

**I.    Factual Background**

Plaintiffs are Joshua McGath and his parents, Timothy and Michelle McGath. (Plaintiffs). Defendants are the Hamilton Local School District (District), Superintendent Christopher T. Lester (Lester) in his official capacity only, and the Board of Education, Hamilton Local School District (Board).

On or about September 23, 2009, Joshua McGath was a student at the Hamilton Local School District High School (High School). On or about that date, Joshua drove himself and two other High School students to school, but because his car did not yet have a valid High School parking sticker, McGath parked his vehicle approximately two blocks away in a residential neighborhood. After exiting the vehicle, one of McGath's passengers, and fellow student, pulled out a small quantity of marijuana and asked if McGath wanted to smoke some of it. McGath, who is an athlete on the High School wrestling team, declined. The other student then began

smoking the marijuana. McGath and the other student then proceeded to walk to the school together.

At some point on that morning, one of the other students' teachers suspected the student of being under the influence of a prohibited substance. At approximately 10:00a.m., McGath was ordered to appear in the Principal's office. Vice Principal Mark Tyler then proceeded to question McGath about the events of the morning before he and the other student entered the school property. McGath repeatedly denied using any marijuana that day. Thereafter, police officers from the City of Obetz were brought to the school and continued to question McGath without his parents being present. McGath continued to deny that he smoked marijuana that morning although he stated that some of the second hand smoke "may have hit my lips." (Complaint ¶ 30). With Joshua's parents' consent, defendants' officials commenced a search of Joshua's locker and found no evidence of any drugs. The parents also consented to a search of the vehicle by the police officers, which also failed to turn up any evidence of drugs.

On or about September 24, 2009, Defendants sent plaintiffs a "Notice of Suspension and Intended Expulsion" which stated that Joshua had been given an out of school suspension from September 24, 2009 to October 7, 2009. The stated reason was "Drugs/Alcohol." Also on September 24, 2009, the defendants sent plaintiffs a "Notice of Intended Expulsion." The notice informed plaintiffs that a hearing would be held on September 29, 2009.

Plaintiffs attended the hearing without counsel. The hearing was presided over by Assistant Superintendent of the Hamilton Local School District, William Morrison. On October 1, 2009, plaintiffs were mailed a letter informing them that Joshua had been expelled and could not re-enroll until February 5, 2010. Plaintiffs then obtained counsel. On October 14, 2009,

plaintiffs' counsel appealed the expulsion pursuant to Ohio Rev. Code. §3313 and requested a hearing before the Board of Education. On December 11, 2009, plaintiffs' counsel was informed by Timothy McGath that the defendants had contacted him directly to inform him of a hearing on the appeal scheduled for December 14, 2009.  Although they were not provided any disciplinary – or other – records, plaintiffs and their counsel attended the hearing on December 14.  The hearing was actually a regularly monthly meeting of the Board.  Plaintiffs were informed that the Board would meet privately in "executive session" to discuss the appeal.  The *ex parte* procedure occurred without plaintiffs or their counsel being present, at which the Board took testimony of High School principal James Miller and Assistant Principal, Mark Tyler.  The Board also considered hearsay statements.  Plaintiffs objected to the testimony of witnesses made outside of plaintiffs' presence.  The testimony of Miller and Tyler was then summarized and plaintiffs' counsel attempted to cross-examine these witnesses based on that summary.  The Board then resumed its public hearing where it announced a 5-0 vote affirming the expulsion.

On December 21, 2009, plaintiffs were sent a letter informing them that the suspension had been affirmed and stated that Defendants concluded that "Joshua's behavior on September 23, 2009 is a violation of the Hamilton Township High School Student Discipline Code." (Complaint ¶ 72).  In the "Facts" section of the letter, Plaintiffs learned for the first time about apparent testimony from a parent, who had not been identified to the plaintiffs, and whose damaging testimony contributed to the decision to expel McGath.

Plaintiffs filed this lawsuit on December 21, 2010.  Plaintiffs allege several claims for relief: Defamation, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Violation of Ohio Rev. Code Sections 3313.66 and 3313.661, Declaratory Relief, and

Violation of Due Process Rights. He also seeks an injunction to compel the defendants to purge his school records of any reference to the expulsion and for a correction of any grades lowered as a result of the expulsion.  On April 28, 2011 this Court entered a Show Cause Order requiring plaintiffs to show cause why service had not been effected.  On May 12, 2011, plaintiffs' requested an extension of time to obtain service because the "waiver of service" packets had only been served on defendants on April 6, 2011 and the time for response had not yet run. (See Docs 4, 4-1, 4-2).  The court issued a summons to defendants on July 27, 2011.  The court's docket states that the summons was received executed on July 27, 2011. (doc. 6).  The summons for Christopher Lester stated that it was personally served on "the secretary for Christopher T. Lester." (doc. 6-1).  The summons for the "Board of Education, Hamilton Local School District" stated that it was personally served on "the secretary for the President of the Board of Education." (doc. 6-2).

On August 17, 2011, the defendants filed their Answer. An amended Answer was filed by defendants on August 31, 2011. Defendants filed the instant motion for judgment on the pleadings on September 23, 2011.

Plaintiffs have conceded that Michelle and Timothy McGath no longer have standing to assert their due process claims on behalf of Joshua because Joshua has reached the age of eighteen.  Accordingly, that claim is dismissed.  Plaintiffs also concede that they cannot maintain an action against the defendants for defamation, intentional infliction of emotional distress and negligent infliction of emotional distress on the grounds of political subdivision immunity as held in <u>Piispanen v. Carter,</u> No. 2005-L-133, 2006 Ohio App. LEXIS 2258 (Ohio Ct. App., May 12, 2006).  Thus the only claims plaintiff Joshua McGath continues to assert against defendants are

for violation of the Ohio Revised Code, violation of due process rights, and for declaratory and injunctive relief.

>    II.     **Standard of Review**

As an initial matter, defendants move for dismissal based on failure of service under Fed. R. Civ. P. 4.  It is axiomatic that service of a summons must meet procedural requirements before a federal court can exercise personal jurisdiction over a defendant.  Khorozian v. McCullough, 186 F.R.D. 325 (3d Cir. 1999); Laffey v. Plousis, No. 05-2796, 2008 U.S. Dist. LEXIS 7528 (N.D. N.J. Feb. 1, 2008).  Pursuant to Fed R. Civ. P. 12(b)(5), a party may file a motion asserting insufficient service of process as a defense.  Laffey, 2008 U.S. Dist. LEXIS 7528.   When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made.  Neely v. Eshelman, 507 F. Supp. 78, 80 (E.D. Pa. 1981); Hanson & Morgan Livestock, Inc. v. B4 Cattle Co., No. 5:07-cv-00330, 2007 U.S. Dist. LEXIS 90361 (W.D. W. Va. Dec. 7, 2007)("The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4.")(citing Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)).

Defendants also move to dismiss pursuant to Fed. R. Civ. P. 12(c).  Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed.R.Civ.P. 12(b)(6).  See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir.

2007)(internal citation and quotation marks omitted).  However, the court need not accept as true legal conclusions or unwarranted factual inferences.  Id. (citing Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

      To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory."  Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 336 (6th Cir. 2007).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible."  Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010)(quoting Ashcroft v. Iqbal, _ U.S. _, 129 S.Ct. 1937, 1949-50 (2009)).  A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient.  Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

      In considering a motion for judgment on the pleadings, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits.  Fed.R.Civ.P. 12(c); Fed.R.Civ.P. 7(a) (defining "pleadings" to include both the complaint and the answer); Housing Authority Risk Retention Group, Inc. v. Chicago Housing Auth., 378 F.3d 596, 600 (7th Cir. 2004).  While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account."  Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008)(quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th

Cir. 2001)).

### III. Legal Analysis

#### A. Mootness

Federal courts have "no authority to render a decision upon moot questions." NAACP v. City of Parma, 263 F.3d 513, 530 (6th Cir. 2011). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Hood v. Keller, 229 Fed. Appx. 393, 397 (6th Cir. 2007)(citing County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)(citations omitted)). Mootness is determined by "examining whether an actual controversy exists between the parties in light of intervening circumstances." Fleet Aerospace Corp. v. Holderman, 848 F.2d 720, 723 (6th Cir. 1988).

Defendants argue that because McGath has graduated from the High School, there is no longer a live controversy, the matter is moot, and therefore McGath lacks standing to pursue his claims. In his complaint, McGath specifically seeks declaratory judgment that the defendants' policies are unconstitutional and violated McGath's due process rights, injunctive relief compelling defendants to purge McGath's school record of any information related to his expulsion and to correct any grades lowered as a result of the expulsion, and for compensatory and punitive damages. McGath also seeks attorney's fees pursuant to 42 U.S.C. §1988.

The Sixth Circuit has held that claims for attorneys fees pursuant to 42 U.S.C. §1988 are not rendered moot simply because the remainder of the case may not present a live controversy. See, Hood 229 Fed. Appx. at 400 (citing Murray v. Board of Trustees, University of Louisville, 659 F.2d 77 (6th Cir. 1981)). Additionally, claims for monetary damages, even nominal ones, are

not rendered moot by virtue of plaintiff's graduation. Id.; see also, Rohrbaugh v. Elida Bd. of Educ., No. 90-3427, 1990 U.S. App. LEXIS 17878 (6th Cir. Oct. 10, 1990)( a claim for damages constitutes a case or controversy within the meaning of Article III of the Constitution).  Standing to seek damages does not, however, automatically confer standing to seek other forms of relief. Id.

Plaintiff seeks declaratory judgment that the school's policies and actions are unconstitutional and violated the plaintiff's due process rights.  He also seeks a declaration as to the rights and legal relations of the students and the school and its policies.  For purposes of declaratory judgment, a controversy "exists when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Murr v. Wilkinson, No. 95APE04-427, 1995 Ohio App. LEXIS 4301 (Ct. App. Ohio Sept. 28, 1995). Here, plaintiff has graduated from the High School.  There is no immediacy to his claim that the school's policies are unconstitutional or that his due process rights were violated.  Morever, a declaratory action may not be used to circumvent an administrative or statutory remedy available to plaintiff.  Rocky Fork Hunt & Country Club v. Testa, 120 Ohio App. 3d 442, 446 (Ohio Ct. App. 1997).  The plaintiff's request for the court to declare the "rights and legal relations" of students and the school and its policies is an issue that would have been decided in an administrative appeal to the state court.   Plaintiff's appeal to state court was dismissed for lack of jurisdiction.   Accordingly, declaratory judgment is inappropriate. See Id (declining to consider declaratory judgment claim where the issue involved in appellee's declaratory judgment action was the same issue that would have been decided in an administrative appeal).

Accordingly, Plaintiff only has standing to pursue his claim for injunctive relief and violations of Ohio statutory and federal constitutional rights.

**B.     Service of Process**

Defendants argue that plaintiff failed to effect service on them in accordance with Fed. R. Civ. P. 4.[1]  Specifically, defendants assert that the summons and complaint were untimely and made upon individuals not authorized to accept service of process for these defendants. As an initial matter, the Hamilton Local School District is not an entity which can be sued. Accordingly, the School district is dismissed with prejudice.  In addition, Superintendent Lester is sued in his official capacity.  Because a suit against a state official in his "official capacity" is considered a suit against the state, "courts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit." Y.S. v. Bd. of Educ., 766 F. Supp. 2d 839, 842 (N.D. Ohio 2011) (citing Carter v. Delaware County Bd. of Comm'rs, No. 2:07-cv-1189, 2009 U.S. Dist. LEXIS 16436 (S.D. Ohio Mar. 3, 2009)). Accordingly, Superintendent Lester is dismissed with prejudice.

The only remaining question pertaining to service then is whether the plaintiff properly served the Board of Education.  Ohio Rev. Code §3313.17 provides that "the board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued."  Service may be obtained on the Board by  "leaving a copy thereof with the treasurer or president of the board."  Ohio Rev. Code § 3313.34.  Here, plaintiff's process server left the summons of service with the "secretary" to the President of the board of education. Fed. R. 4(j)(2)

---

[1]     Insufficiency of process may be made in a Fed. R. 12(c) motion so long as the defendants, as they did here, preserved the defense in their Answer.  See, Stewart v. Forum Health, 190 Ohio App. 3d 484, 490 (Ohio Ct. App. 2010).

provides that a state or local government must be served by either leaving the summons with the chief executive officer or serving the summons in the manner prescribed by state law.  Ohio Rev. Code §3314.34 is very clear in its requirement that service be made upon the president or treasurer of the board.  Accordingly, plaintiff failed to properly serve the Board.

Pursuant to Fed. R. Civ. P.  4(m), the court must either dismiss the action or grant an extension of time for the plaintiff to effect service.  First, the court must first determine whether the plaintiff has shown good cause for the failure to effect service, and if so, the court "shall extend the time for service for an appropriate period." Henderson v. U.S., 517 U.S. 654, 662, n. 10 (1996)(citing Fed. R. Civ. P. 4(m)).  If the plaintiff has not shown good cause, the court must then either (1) dismiss the action without prejudice or (2) direct that service be effected within a specified time. Id; Osborne v. First Union Nat'l Bank of Del., 217 F.R.D. 405, 408 (S.D. Ohio 2003).  The party seeking an extension of time to effect service bears the burden of establishing good cause.  Habib v. GMC, 15 F.3d 72, 73 (6th Cir. 1994).  If the plaintiff shows good cause, then the court must permit late service, although it retains discretion to permit late service even in the absence of good cause.  Osborne, 217 F.R.D. at 408 (court has discretion to extend the 120-day period for plaintiffs to effect service, pursuant to the first clause of Fed. R. Civ. P. 4(m), even absent a showing of good cause).  An extension may not be granted as a routine matter of course, however, otherwise "there would be no reason to have Rule 4(m) with its time limit for service." Turner v. Grant County Det. Ctr., No. 05-148-DLB, 2007 U.S. Dist. LEXIS 34290, *5 (E.D. Ky. May 10, 2007).

Plaintiff has shown good cause for their failure to obtain effective service upon the president or treasurer of the board.  Plaintiff has presented evidence that at an earlier stage in

these proceedings, when plaintiff attempted to appeal the administrative decision to the Franklin County Court of Common Pleas, service was made upon someone other than the treasurer or president of the board. At that stage of the proceedings, the defendant did not argue that service was ineffective. (Doc. 14-1). Thus, the plaintiff had a reasonable, if mistaken, belief that the board had authorized individuals other than the president or treasurer of the Board to accept service. Because the plaintiff has shown good cause for their failure to affect service, the court grants him thirty (30) days in which to effect proper service on the board of education.

      C.     **Injunctive Relief**

In his "Request for Relief" at the conclusion of his Complaint, plaintiff seeks preliminary and permanent injunctive relief requiring the school to expunge McGath's records of any evidence of an expulsion and to correct any grades which may have been lowered as a result of the expulsion. In order to grant the extraordinary remedy of injunctive relief, the court must consider four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

Ohio State Univ. v. Thomas, 738 F. Supp. 2d 743, 748 (6th Cir. 2010). Plaintiff has failed to comply with Local Rule 65.1(b) by failing to move for injunctive relief by separate pleading. In addition, plaintiff has not alleged that any of the required factors are present. Indeed, Plaintiff has graduated and cannot show an immediate threat that he will be harmed again. An injunction is unavailable "absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." Rohrbaugh v. Elida Bd. of Educ., No. 90-3427, 1990 U.S. App. LEXIS 17878 (Oct. 10,

1990)(citing <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983)).  Accordingly, plaintiff's request for injunctive relief is denied.

### D. Section 1983 and Due Process

Plaintiff claims that the school district violated his procedural and substantive due process rights in violation of 42 U.S.C. §1983 and the Fourteenth Amendment.  McGath argues that his due process rights were violated by the school district during the school board's hearing and decision on his expulsion.  The Supreme Court has articulated the due process requirements for a short (less than 10 day) suspension but left open the question of what is required for longer suspensions, only stating that long term suspensions may require more formal hearings.  <u>See, Newsome v. Batavia Local Sch. Dist.</u>, 842 F. 2d. 920 (6th Cir. 1988) (citing Goss v. Lopez, 419 U.S. 565 (1975)).  At a very minimum, the student must be given an informal hearing at which the student have an opportunity to explain his verison of events and that the student "be told what he is accused of doing and what the basis of the accusation is." <u>Goss</u>, 419 U.S. 565, 582 (1975).

McGath first asserts that he was denied due process of the law because the notices he received informing him of the suspension and expulsion were insufficient.  McGath received two written notices informing him of his intended suspension and expulsion.  Both referenced the reason for the disciplinary action as being "Drugs/Alcohol." (Docs. 8-1; 8-2).  Plaintiff asserts that this notice was insufficient to apprise him that he was being expelled for being under the influence on school property, rather than because he was found to be in possession of illegal drugs or that he was selling them.   He asserts that it was only at the hearing that the school changed its charges against him to include being under the influence.

In support of his claim for due process violations,  McGath alleges that the defendants violated Ohio Revised Code §§ 3313.66 and 3313.661[2].  Ohio Rev. Code 3313.661 states in

---

[2]     To the extent that McGath is attempting to allege an independent cause of action for violation of Ohio Rev. Code §§3313.66 or 3313.661, such claim must fail. There is no private cause of action under this section of the Code.

pertinent part:

> (A) The board of education of each city, exempted village, and local school district shall adopt a policy regarding suspension, expulsion, removal, and permanent exclusion that specifies the types of misconduct for which a pupil may be suspended, expelled, or removed.

McGath alleges that the following policy adopted by the defendants in their student "code of conduct" violates the Ohio statute:

> The administration of Hamilton Local School District reserves the right to prohibit and discipline any behavior or conduct that is not consistent with a safe, non-distracting educational program that may or may not be contained in this policy.

(Complaint ¶ 97). According to McGath, such language in the code of conduct is vague and overbroad and fails to specify the conduct which could lead to expulsion. The court disagrees. The charge of "Drugs/Alcohol" was sufficient to include being under the influence on school grounds. The court finds the notice of the charge against him was sufficient and on this ground, McGath's argument to the contrary is meritless[3].

McGath next asserts that he was denied due process of the law because hearsay statements were used against him, he was not allowed to be present during all testimony, and he was not informed of all the evidence against him. The court finds that there is no due process violation in either the use of hearsay statements or in the fact that McGath was excluded from portions of the expulsion hearing. Hearsay statements may be considered at a less formal administrative hearing such as a student's expulsion hearing. See, Newsome v. Batavia Local Sch. Dist., 842 F. 2d. 920 (6th Cir. 1988) (adopting the rationale of the Fifth Circuit which concluded that the rights of a

---

[3] McGath also takes issue with the fact that the Notice of expulsion refers to the following language in the code of conduct: "The administration of Hamilton Local School District reserves the right to prohibit and discipline any behavior or conduct that is not consistent with a safe, non-distracting educational program that may or may not be contained in this policy." (doc.2 ¶ 2). He asserts that this language is unconstitutionally vague. Although this language is contained in the code of conduct and in the expulsion decision, there is nothing in the notices or decision to suggest that this formed the basis of the expulsion. Rather, it is very clear that the basis of McGath's expulsion was "drugs/alcohol."

student at a disciplinary hearing may be fairly determined on the hearsay evidence of school administrators).

In the notice of the board's decision to affirm the expulsion, the following sentence is found in the Findings of Fact section of the decision:

> On September 23, 2009, a parent of a male student reported to assistant principal, Mark Tyler, that Joshua was smoking marijuana before school on the morning of September 23, 2009. (doc. 9-6, ¶2).

McGath alleges that he was not informed of this evidence until after the hearing.

In <u>Newsome</u>, the Sixth Circuit considered whether a student's due process rights had been violated when the superintendent offered evidence of marijuana use to the school board during closed proceedings without informing the accused student of such evidence. In concluding that due process had been violated, the court stated:

> In the instant case, Newsome received written notice of the charge that he had possessed marijuana with the intent to distribute, and he denied the allegation. Consequently, it was incumbent upon the school officials who possessed evidence of Newsome's alleged involvement in the marijuana incident to inform Newsome, during the school board hearing, of that evidence so that he would have an opportunity to rebut the evidence.

842 F.2d at 927.

It is unclear from the pleadings before the court exactly who informed the school board of the parent's statement against McGath, but McGath alleges that he was not informed of this evidence against him prior to or during the hearing. Accordingly, the court concludes that McGath has sufficiently alleged that he was denied due process of the law when evidence that he was never made aware of was used against him in the decision to expel him.

## IV.    CONCLUSION

Based on the foregoing, the Court grants in part and denies in part the motion for judgment on the pleadings.(doc 11). The Hamilton Local School District and Superintendent

Lester are DISMISSED with prejudice.  The motion for judgment on the pleadings for failure of service upon the Board is GRANTED.   The plaintiffs are granted thirty days from the date of this Order to obtain service upon the Board.  The motion for judgment on the pleadings as to the claims for defamation (Count I), Intentional Infliction of Emotional Distress (Count II), Negligent Infliction of Emotional Distress (Count III), Violation of Ohio Rev. Code 3313.66 and 3313.661 (Count IV), and declaratory judgment (Count V) is GRANTED.  The motion for judgment on the pleadings as to Timothy and Michelle McGath is GRANTED.  The motion for judgment on the pleadings for violation of plaintiff Joshua McGath's due process rights (Count VI) is DENIED.

IT IS SO ORDERED.

S/ James L. Graham
James L. Graham
UNITED STATES DISTRICT JUDGE

Date:   January 30, 2012